J-A09002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS KEITH PARK | : | |
| | : | |
| Appellant | : | No. 1116 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 12, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013714-2001

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 31, 2020**

Appellant, Thomas Keith Park, appeals from the judgment of sentence entered following the revocation of his probation.  We affirm.

In a criminal information filed on November 13, 2001, Appellant was charged with two counts of sexual abuse of children and one count of criminal use of a communication facility.[1]  On February 20, 2002, Appellant pled guilty to the three crimes. On May 3, 2002, the trial court sentenced Appellant to serve a term of incarceration of eleven and one-half to twenty-three months

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312 and 7512.

for one count of sexual abuse of children and an aggregate term of ten years of probation on the two remaining counts.

On June 16, 2009, Appellant's probation was revoked due to his communication with a female inmate at a correctional facility and for possessing pornography.[2] The trial court imposed a sentence of eleven and one-half to twenty three months of incarceration for the second count of sexual abuse of children and a consecutive term of five years of probation for the conviction of criminal use of communication facility.

On December 22, 2017, Appellant was arrested for various technical probation violations. Probation Violation Report, 1/17/18, at 2. The trial court held a *Gagnon I* hearing on January 25, 2018. On July 12, 2018, the trial court held a *Gagnon II* hearing, at which the court revoked Appellant's probation. In doing so the trial court stated:

> I find that you're in violation of the terms and conditions of your probation, for reasons outlined a few moments ago on the record, access to cell phones, access to the internet, access to individuals who have children, making effort to have contact with those individuals, and it is very clear I thought that this wasn't to happen. I think that was back in 2006.

N.T., 7/12/18, at 9. The trial court sentenced Appellant to serve a term of incarceration of three and one-half to seven years.

_____

[2] Appellant completed his term of incarceration related to the first count of sexual abuse of children.

- 2 -

Appellant filed a timely post-sentence motion seeking modification of his sentence. Appellant filed this appeal on August 8, 2018, while the post-sentence motion was pending before the trial court.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the Probation Court abuse its discretion when it sentenced Appellant Park to serve 3½-to-7 Years of Imprisonment as a probation violator, given that 42 Pa.C.S. § 9771(c) made it improper to impose a confinement sentence at all?

2. Even if Appellant Park could be sentenced to imprisonment as a Technical Violator, § 9771(c) not with-standing, was the 3½-to-7 Year term of imprisonment imposed upon him … manifestly excessive given the totality of the circumstances as to his background, his conduct while on probation, and his crime?

---

[3] As a general rule, this Court has jurisdiction over final orders. **Commonwealth v. Rojas**, 874 A.2d 638, 642 (Pa. Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007). If a defendant in a criminal case files a timely post-sentence motion, the judgment of sentence does not become final for the purposes of an appeal until the trial court disposes of the motions or the motions are denied by operation of law. **Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997). When an appellant files a notice of appeal before the trial court has ruled on the post-sentence motions, the judgment of sentence has not yet become final, and any purported appeal is interlocutory and unreviewable. **Id**. at 160. The proper remedy would then be to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motions *nunc pro tunc*. **Id**. at 161. However, if the trial court denies an appellant's post-sentence motions while an appeal is pending, we will treat the premature notice of appeal "as having been filed after entry of [an] order denying post-sentence motions." **Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011). On September 24, 2018, the trial court filed an order denying Appellant's post-sentence motion. Therefore, we treat this appeal as having been filed after the trial court denied Appellant's post-sentence motion.

Appellant's Brief at 4.

Appellant's issues challenge the discretionary aspects of the sentence imposed following the revocation of his probation. In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015).

We are also mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the probation revocation court.

In his Rule 2119(f) statement, Appellant argues that the trial court abused its discretion in imposing a sentence of confinement based upon his

technical violations of probation. Appellant's Brief at 18-20. Appellant further contends that the term of confinement imposed following the revocation of his probation was manifestly excessive given the totality of the circumstances. *Id*. at 20-22.

We have held that the imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms that underlie the sentencing process. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). In addition, we have held that an excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Thus, we conclude that Appellant has presented substantial questions for our review. Accordingly, we will consider his discretionary aspects of sentencing challenges on appeal.

Appellant first argues that the trial court erred in imposing a sentence that included a term of imprisonment. Appellant's Brief at 28-38. Appellant claims that his probation violation was merely technical, and sentences of total confinement are strongly disfavored for technical violators. *Id*. at 28. Appellant acknowledges that terms of incarceration are available for technical probation violations, but he asserts that he does not fall within those categories. *Id*. at 28-38. Specifically, he contends that he is not likely to

commit a crime unless he is imprisoned and that imprisonment is not essential to vindicate the authority of the court. ***Id***.

As we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000). "In order to establish that the sentencing court abused its discretion, [an a]ppellant 'must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.'" ***Williams***, 69 A.3d at 741 (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*)). The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).

With regard to our review of a sentence imposed following the revocation of probation, we observe that, "[p]ursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the

time spent serving the order of probation." *Crump*, 995 A.2d at 1284. When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. §§ 9771(c) and 9721(b). *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006). Pursuant to Section 9771(c), a court may sentence a defendant to total confinement after a revocation of probation if one of the following conditions exists:

> 1. the defendant has been convicted of another crime; or
>
> 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3. such a sentence is essential to vindicate the authority of this court.

42 Pa.C.S. § 9771(c). Under Section 9721(b), the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

The court offered the following comments regarding the imposition of a term of incarceration following Appellant's technical violations and the need for a sentence of a term of incarceration to precipitate appropriate rehabilitation:

> The court noted the various violation[s] of the terms and conditions of probation. The court noted that it was clear that the conditions of probation imposed in 2006 were not to be violated. The court considered defense counsel's statement on behalf of defendant and the facts of the case. [Appellant] was convicted of a harassment charge in 2012, and had two previous Gagnon II

- 8 -

violation hearings in 2006 and 2009 respectively, for which the court did not [revoke Appellant's] probation. The court imposed a sentence of incarceration, as the terms of probation supervision were repeatedly violated. Of particular concern to the court [was Probation Officer Ashley] Lynn's summary which referred [to Appellant's sex offender treatment provider David] Gentile's assessment that [Appellant] remained a risk and categorized [Appellant] as a serial predator that needed to be held accountable by close monitoring. While [Appellant] did not commit a crime, there was sufficient evidence to indicate he was likely to commit another crime if not imprisoned. Additionally, since [Appellant] [repeatedly] violated the conditions of probation, confinement was the only alternative to [vindicate] the [c]ourt's authority. See 42 Pa.C.S. Section 9771(b) and (c).

Trial Court Opinion, 8/8/19, at 5-6.

Our review of the record supports the trial court's conclusion that a sentence of total confinement was appropriate. Particularly, the record indicates that at a previous probation-violation hearing held on November 27, 2006, the trial court imposed additional special conditions of probation on Appellant. These included: (1) Appellant was to have no communication with an incarcerated inmate or convicted felons; (2) he was to have no relationship with mothers of minor children; (3) Appellant was to have no access to computers or any pornographic websites; (4) he was to have no pornographic materials; (5) Appellant was not to possess materials that may lure children; (6) he was to be supervised by the Sex Offender Unit of the Adult Probation Office; and (7) he was to comply with sex-offender testing and polygraph

exams. N.T., 6/16/09, at 3.[4] At the conclusion of the probation violation hearing held on June 16, 2009, the trial court stated:

> Let me be very clear. If you don't get it yet, that you're to comply with all of these terms and conditions, your next stop is the penitentiary.

*Id*. at 23-24.

Upon review, we discern no abuse of discretion because the court carefully considered Appellant's consistent and multiple technical violations of his probation and the necessity to vindicate the authority of the court when it imposed the prison sentence following the revocation of probation for the technical violations. Accordingly, Appellant is entitled to no relief on this claim.

Appellant next argues that the sentence of incarceration imposed following the revocation of probation is excessive. Appellant's Brief at 39-54. Appellant asserts that the sentence was disproportionate to the nature of the probation violation and his individual circumstances. Appellant claims that no harm was inflicted upon any person by his technical violations and that significant mitigating circumstances exist that support a shorter sentence. Specifically, Appellant alleges that the technical violations of his probation were victimless in that neither children nor child pornography were involved.

---

[4] We note that the transcript of the November 27, 2006 hearing is not included in the record that was certified to this Court. However, the notes of testimony from Appellant's subsequent probation-violation hearing held on June 16, 2009, are included in the certified record.

*Id*. at 43-44. Appellant further contends that the trial court should have considered his commitment to sex offender treatment, his age, his physical condition, the fact that he was a victim of sexual assault as a child, and his depression and alcoholism. *Id*. at 44-50.

As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988)).

Following defense counsel's argument, the trial court gave the following statement:

> I've considered the sentencing guidelines, I considered [defense counsel's] statements to the [c]ourt, the facts of the case, and for all of those reasons, at 2001-13714 your probation is revoked. You are in violation.
>
> You're sentenced to a period of incarceration not less than 3 and a half nor more than 7 years ... at a state correctional facility to be determined by the Department of Corrections. You shall receive credit for time served.

- 11 -

*Id*. at 9.

In its written opinion, the trial court offered the following:

[Appellant's] attorney admitted [Appellant] violated his probation. He also noted that [Appellant] never actually assaulted a child, and that although he viewed pornography, it was not child pornography. [Appellant] had been reporting to probation regularly, and had been attending sex offender therapy. [Appellant's] mental health issues and alcohol dependence was noted. [Appellant's] counsel indicated [Appellant] was a sexual assault victim as a child … . The pre-sentence report did not note anything about this sexual assault.

* * *

The Court presided over the original plea, original sentencing and several violation hearings in this matter. A presentence report was ordered and considered before the original sentence and revocation sentence.

[Appellant] was given several opportunities to bring himself in compliance in order to avoid incarceration. [Appellant's] therapist, David Gentile, opined that [Appellant] was a serial predator. [Appellant] continued to access the internet with smartphones. He ignored the special conditions imposed by the court in 2006. The court considered the summary of [Appellant's] supervision and the mitigating factors enumerated by [Appellant's] counsel.

Trial Court Opinion, 8/8/19, at 5-7.

Our review of the record reflects that, at the time of Appellant's sentencing, the trial court had received and reviewed a presentence report. N.T., 7/12/18, at 2-3, 7. The trial court also heard argument from Appellant's counsel. *Id*. at 6-8. Defense counsel reiterated that: there is no indication Appellant assaulted or attempted to assault a child; there is no indication that Appellant viewed child pornography; there is no indication that Appellant has

had contact or communication with any children; as indicated in the presentence report he has been regularly reporting to his probation and has been compliant with his sex offender treatment therapy; Appellant was diagnosed as suffering from major depression and alcohol dependence; and he reported being sexually victimized when he was a child. *Id*. at 6-7. In addition, counsel noted Appellant being sixty-five years of age. *Id*. at 7.

We conclude that the trial court was properly apprised and considered all relevant factors in fashioning Appellant's sentence of total confinement. Also, because the trial court had been fully informed and relied upon the presentence report, we conclude that the trial court did not abuse its discretion in creating the instant sentence. *Ventura*, 975 A.2d at 1133. Accordingly, Appellant's claim that the trial court failed to contemplate relevant factors in imposing an excessive sentence lacks merit.

Judgment of sentence affirmed.

Judge Murray joins this Memorandum.

Judge Strassburger files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2020